# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

Case No. _____

In re JEFFREY PAUL,

**Movant.**

## APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255(h)

### CAPITAL § 2255 PROCEEDINGS

SHAWN NOLAN
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

May 14, 2019

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

PROCEDURAL HISTORY.................................................................................... 2

FACTUAL BACKGROUND.................................................................................. 4

ARGUMENT ......................................................................................................... 6

    I.   COUNSEL'S CONCESSION BEFORE THE JURY THAT PETITIONER WAS GUILTY OF ROBBERY DENIED HIM HIS RIGHT TO COUNSEL AND HIS RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION TO MAKE FUNDAMENTAL DECISIONS CONCERNING HIS OWN DEFENSE. ........................................................... 6

    II.  *MCCOY V. LOUISIANA* IS A NEW RULE OF CONSTITUTIONAL LAW THAT APPLIES RETROACTIVELY .................................................... 8

    III. MR. PAUL HAS MADE A SUFFICIENT SHOWING OF POSSIBLE MERIT  ENTITLING HIM TO FILE A SUCCESSIVE MOTION IN DISTRICT COURT. ................................................................................... 9

CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Federal Cases**

*Gideon v. Wainwright*, 372 U.S. 335 (1963) ........................................................... 13

*In re Williams*, 330 F.3d 277 (4th Cir. 2003) ...................................................... 6, 14

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ................................................... 7

*Jones v. Barnes*, 463 U.S. 745 (1983) ..................................................................... 11

*McCoy v. Louisiana*, 138 S. Ct. 1500 (May 14, 2018) .................................... *passim*

*Saffle v. Parks*, 494 U.S. 484 (1990) ...................................................................... 13

*Schriro v. Summerlin*, 542 U.S. 348 (2004) ........................................................... 13

*Teague v. Lane*, 489 U.S. 288 (1989) ..................................................................... 12

*United States v. Castano*, 543 F.3d 826 (6th Cir. 2008) .......................................... 7

*United States v. Paul*, 217 F.3d 989 (8th Cir. 2000) ............................................... 6

*Welch v. United States*, 136 S. Ct. 1257 (2016) ...................................................... 7

*Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015) ........................................... 5

**Federal Statutes**

18 U.S.C. § 924 ...................................................................................................... 7-8

18 U.S.C. § 1111 .................................................................................................... 6, 8

28 U.S.C. § 2244(3)(C) ............................................................................................ 14

28 U.S.C. § 2255 ............................................................................................. *passim*

Jeffrey William Paul, through counsel, respectfully applies for an order authorizing the United States District Court for the Western District of Arkansas to consider a successive motion[1] pursuant to 28 U.S.C. § 2255(h)(2) and Eighth Circuit Rule 22B. Mr. Paul's proposed successive motion is attached as Exhibit A.

### INTRODUCTION

This Court "may authorize a second or successive petition under §2255 if the petition is based on a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015)(quoting 28 U.S.C. § 2255(h)(2)). Mr. Paul's successive § 2255 petition is based on a new rule of constitutional law announced in *McCoy v. Louisiana*, 138 S. Ct. 1500 (May 14, 2018). *McCoy* held for the first time that a capital defendant has an absolute right under the Sixth Amendment to insist that his lawyers refrain from admitting his guilt during trial. This decision applies to Petitioner as his lawyers conceded his guilt to robbery in opening statements to the jury in the face of Mr. Paul's insistence that he not plead guilty to any of the charges. If authorized by this Court, Mr. Paul's § 2255 application

---

[1] Attached as Exhibit 1.

would be timely, as it would be filed within the one-year limitations period from the date of the *McCoy* decision. This Court should therefore authorize Mr. Paul to file the attached amendment.

Mr. Paul herein makes a *prima facie* showing that his proposed claim under *McCoy* falls within the scope of § 2255(h)(2), which is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)(quotations omitted).

## PROCEDURAL HISTORY

Jeffrey Paul and his co-defendant, Trinity Ingle, were both charged in the Western District of Arkansas with aiding and abetting murder in perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & § 2, and for using a firearm during a crime of violence, in violation of both counts. The jury returned a sentence of death, unrelated to any particular count. A few weeks before Mr. Paul's trial, Trinity Ingle was convicted of the same two counts; he received a sentence of life imprisonment.

This Court affirmed Mr. Paul's conviction and sentence on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000), *cert. denied Paul v. United States*, 534 U.S. 829 (2001). On December 17, 2002, Mr. Paul filed a 28 U.S.C. § 2255 petition. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 271. The District Court denied the petition, without a

hearing and without granting leave to conduct discovery, on January 31, 2005.  W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 323.  After granting a certificate of appealability on two issues, this Court affirmed the denial of relief.  *Paul v. United States*, 543 F.3d 832 (*th Cir. 2008), *cert. denied Paul v. United States*, 558 U.S. 828 (2009).[2]

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B) (ii), is unconstitutional.  On April 18, 2016, the Court held that Johnson applies retroactively.  *Welch v. United* States, 136 S. Ct. 1257 (2016).  On May 20, 2016, Mr. Paul filed an Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255(h)(2) and Eighth Circuit Rule 22B.  *Application For Authorization to File a Successive Motion Under 28 U.S.C. § 2255, In re Jeffrey William Paul,* No. 16-2330 (May 20, 2016).  This Court denied Petitioner's *Application for Authorization* on August 5, 2016.  Order, *In re Jeffrey William Paul v. Unted States,* No. 16-2330 (8th Cir. Aug. 5, 2016).

---

[2] Subsequently, while represented by appointed counsel, Mr. Paul filed a series of pro se pleadings with various headings (including 28 U.S.C. § 2255) in this Court and courts around the country, alleging a wide variety of grievances. It is noted that Mr. Paul suffers from a serious and long-standing mental illness.

# FACTUAL BACKGROUND

In June 1997, Mr. Paul was convicted of aiding and abetting murder in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & 2 (Count 1). For the same killing, Mr. Paul, who was eighteen at the time of the crime, was also convicted of using a firearm during a federal "crime of violence…, to wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995," in violation of 18 U.S.C. § 924(c) & § 924(i)(1), *subsection redesignated as* § 924(j)(1)(1996)(Count 2). The indictment provided no notice as to which if any robbery statute constituted the underlying § 924(c) crime of violence. Nor is it apparent from the trial record that an extant robbery statute was even employed as the § 924(c) predicate. Both counts in the indictment carried a maximum sentence of death.

Prior to trial, the Government offered Mr. Paul a life sentence in exchange for a guilty plea. Petitioner rejected the offer despite trial counsel's repeatedly advising him that going to trial and denying guilt would increase the likelihood of the jury returning a sentence of death. Petitioner was adamant and unwavering, and, in trial counsel's view, completely nonsensical and irrational in his refusal to plead guilty and accept a life sentence. The manner in which Mr. Paul rejected trial counsel's advice to plead guilty was so bizarre and intense, trial counsel questioned whether or not he was competent to make this decision and go to trial.

After administering psychological testing and observing Mr. Paul on multiple occasions prior to trial, Dr. H. Anthony Semone, the forensic psychologist appointed to assist trial counsel, concluded that Mr. Paul had a neuropsychological impairment and was suffering from a borderline psychotic panic. He opined that Mr. Paul was not able to sufficiently understand the charges against him and was unable to cooperate sufficiently with counsel in assisting with his own defense.

Nevertheless, defense counsel proceeded to trial. And in his opening statement, trial counsel told the jury that Mr. Paul planned the robbery of the victim and took part in carrying it out. Tr. 6/18/1997, 496; ("[H]e did say that he did plan to rob[.]… Yes, he did take part in a robbery; yes he did take part in… taping this man's hands behind his back."). Throughout the trial, Mr. Paul's mental health deteriorated as did his behavior and physical appearance. And then in his closing statement, following an exceptionally short trial, defense counsel did not ask for an acquittal, but rather asked the jury to convict his client of second degree murder. Tr. 6/20/1997, 879 ("If the Government has not proved to your satisfaction – if the Government has not proved to your satisfaction that Jeffery Paul wanted to kill Sherman Williams during the robbery, then you must and I ask you, please, consider the less serious charge of murder in the second degree and find Jeffery guilty of murder in the second degree."). Petitioner was convicted of both counts. He was subsequently sentenced to death.

**ARGUMENT**

**I.  COUNSEL'S CONCESSION BEFORE THE JURY THAT PETITIONER WAS GUILTY OF ROBBERY DENIED HIM HIS RIGHT TO COUNSEL AND HIS RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION TO MAKE FUNDAMENTAL DECISIONS CONCERNING HIS OWN DEFENSE.**

In *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), the Supreme Court held that "[w]hen a client expressly asserts that the objective of "his defense" is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt."  *Id.* at 1509 (quoting the Sixth Amendment).  The Court further stated, "[b]ecause a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence." *Id.* at 1510-11.  Thus, counsel's failure to defer to his client's wish in such circumstances constitutes structural error not subject to harmless error analysis and thus requires the defendant's conviction to be vacated. *Id*. at 1511.

Petitioner consistently maintained to counsel that he did not want to plead guilty.  Yet in his opening statement to the jury, trial counsel conceded that Mr. Paul planned the robbery of the victim and took part in carrying it out.  Tr. 6/18/1997, 496; ("[H]e did say that he did plan to rob[.]… Yes, he did take part in a robbery; yes he did take part in… taping this man's hands behind his back.") This de facto plea of guilt was problematic in its own right vis-à-vis the robbery

charge.  It was doubly problematic in light of the Government's presentation at trial that it did not matter whether Mr. Paul actually participated in the murder directly, so long as he contributed in some way as an aider and abettor.

Trial counsel's failure to maintain his client's innocence, and his assertions to the jury that his client was guilty of robbery, without his client's permission, was structural error which requires the grant of a new trial.  Trial counsel was not legally or ethically entitled to concede and assert petitioner's guilt, and doing so undermined Mr. Paul's personally held right to choose the objective of his defense.

The United States Supreme Court has recognized "that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal . . . . [Such choices] implicate inherently personal rights which would call into question the fundamental fairness of the trial if made by anyone other than the defendant."  *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  This fundamental legal principle found recent support from the United States Supreme Court in *McCoy v. Louisiana*, 138 S. Ct. 1500 (May 14, 2018).  In finding structural error, the Supreme Court in *McCoy* recognized that the effects of an admission like trial counsel's here, "would be immeasurable, because the jury would almost certainly be swayed by a lawyer's concession of his client's guilt." (Id. 1510)  As a result, Petitioner must be accorded a new trial without the need to show prejudice.

## II.    *MCCOY V. LOUISIANA* IS A NEW RULE OF CONSTITUTIONAL LAW THAT APPLIES RETROACTIVELY

Mr. Paul's *McCoy* claim relies on a new retroactive rule of constitutional law. The Supreme Court has explained that "a case announces a new rule when it breaks new ground  or imposes a new obligation on the States or the Federal Government." *Teague v. Lane*, 489 U.S. 288, 302 (1989) (plurality op.). The Supreme Court was clear in announcing its holding in  *McCoy* that it was announcing a right under the Sixth Amendment that they had not previously recognized:

> We hold that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the best chance to avoid the death penalty. Guaranteeing a defendant the right "to have the Assistance of Counsel for his defence, " the Sixth Amendment so demands.  With individual liberty – and in capital cases, life – at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence, leaving it to the State to prove his guilt beyond a reasonable doubt.

*McCoy*, 138 S. Ct. at 1505.  This holding was not dictated by prior precedent: the Court had to distinguish its prior holding in *Nixon* to reach this holding.  *Id*. at 1509-10; *see also id.* at 1517 (Alito, J., dissenting)(criticizing the majority opinion for "[h]aving discovered a new right…").  *McCoy* retroactively as a new watershed rule of procedural law.  Such rules apply retroactively when they "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990)(citing *Teague*, 489 U.S. at 311 (plurality op.)); *see also Schiro*

*v. Summerlin*, 542 U.S. 348, 355 (2004).  The Court was clear that its holding in *McCoy* implicated fundamental fairness.  The case involved "Intractable disagreements about the fundamental objective of the defendant's representation," and the rule in *McCoy* is necessary to protect a capital defendant's right, "[i]n this stark scenario," to choose the fundamental objective.  *McCoy*, 138 S. Ct. at 1510.  A *McCoy* error "blocks the defendant's right to make the fundamental choices about his own defense," while affecting the accuracy of the conviction in an unquantifiable way, as "the effects of [defense counsel's] admission would be immeasurable, because a jury would almost certainly be swayed by a lawyer's concession of his client's guilt."  *Id.* at 1511.  ).  In *Saffle,* the Supreme Court explained that the holding of *Gideon v. Wainwright*, 372 U.S. 335 (1963), that a defendant has the right to be represented by counsel, is the type of rule that falls under the watershed rule exception.  *Id.* at 495. Consequently, the rule from *McCoy* applies retroactively as a new watershed constitutional rule of procedure.

III.     **MR. PAUL HAS MADE A SUFFICIENT SHOWING OF POSSIBLE MERIT ENTITLING HIM TO FILE A SUCCESSIVE MOTION IN DISTRICT COURT.**

Mr. Paul has made the minimal "prima facie" showing that his new *McCoy* claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. §§ 2244 (3)(C); 2255(h)(2), required for this Court to issue leave for him to

9

raise this claim of possible merit in district court for full exploration. *See Williams*,

330 F.3d at 281. Indeed, this "'showing of possible merit'" relates only to whether

the claims in this application satisfy the requirements for filing a second or

successive motion, "not the possibility that the claims will ultimately warrant a

decision in favor of the applicant." *Williams*, 330 F.3d at 282. While "this

determination may entail a cursory glance at the merits," the "focus of the inquiry

must always remain on the [§ 2255(h)(2)] standards." *Williams*, 330 F.3d at 282.

Mr. Jackson has satisfied this standard by showing that, in light of *McCoy*, he can

now raise a new claim of possible merit in district court.

**<u>CONCLUSION</u>**

WHEREFORE, because Mr. Paul has presented a *prima facie* claim that the

requirements of 28 U.S.C. § 2255(h)(2) are satisfied, he respectfully requests that

his application be granted and that he be authorized to amend his successive §

2255 in the District Court.

Respectfully Submitted,


/s/ Shawn Nolan
SHAWN NOLAN
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

**CERTIFICATE OF SERVICE**

I, Shawn Nolan, hereby certify that on this date I caused the foregoing was

served via the Electronic Case Filing system on the following counsel of record:

James Robert Wood, Esquire
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

Jeffrey Bradford Kahan
U.S. Department of Justice, Criminal Division
Capital Case Section
1331 F Street, NW, 6th Floor
Washington, DC 20530

/s/ Shawn Nolan
SHAWN NOLAN

Dated: May 14, 2019