# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAM PAUL | : | CRIMINAL CASE |
| | : | |
| Petitioner | : | NO.  6:96-cr-60022-TLB |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **CAPITAL CASE** |
| | : | |
| Respondents. | : | |
| | : | |

## SECOND OR SUCCESSIVE MOTION TO VACATE CONVICTION AND SENTENCE UNDER 28 U.S.C. §2255

SHAWN NOLAN
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

May 14, 2019

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

INTRODUCTION ............................................................................................1

PROCEDURAL HISTORY.................................................................................1

STATEMENT OF THE FACTS .........................................................................3

STATEMENT OF THE LAW.............................................................................5

    I.  MR. PAUL SHOULD BE GRANTED AN EVIDENTIARY HEARING TO ESTABLISH THAT HIS LAWYERS CONCEDED HIS GUILT IN VIOLATION OF *MCCOY V. LOUISIANA*...................................................5

        A.  There Is A Material Question Of Fact Regarding Whether Mr. Paul's Lawyers Conceded His Guilt In Violation Of *McCoy*. .............................5

        B.  *McCoy* Applies Retroactively To Mr. Paul...................................................6

        C.  This Court Should Grant Mr. Paul Further Briefing And An Evidentiary Hearing To Prove His *McCoy* Claim...................................8

CONCLUSION................................................................................................9

REQUEST FOR RELIEF ..................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*Gideon v. Wainwright*, 372 U.S. 335 (1963) ........................................................... 8

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ................................................... 2

*Lehman v. Nakshian*, 453 U.S. 156 (1981) .............................................................. 6

*McCoy v. Louisiana*, 138 S. Ct. 1500 (2018) ................................................. *passim*

*Saffle v. Parks*, 494 U.S. 484 (1990) ....................................................................... 7

*Schriro v. Summerlin*, 542 U.S. 348 (2004) ............................................................ 7

*Teague v. Lane*, 489 U.S. 288 (1989) ...................................................................... 7

*United States v. Castano*, 543 F.3d 826 (6th Cir. 2008) ......................................... 2

*United States v. Diaz,* 547 F. App'x 303 (4th Cir. 2013) ......................................... 9

*United States v. Paul*, 217 F.3d 989 (8th Cir. 2000) ............................................... 2

*Welch v. United States*, 136 S. Ct. 1257 (2016) ...................................................... 2

**Federal Statutes**

18 U.S.C. § 924 ..................................................................................................... 2-3

18 U.S.C. § 1111 ................................................................................................... 1, 3

28 U.S.C. § 2255 ............................................................................................. *passim*

Jeffrey William Paul, a prisoner in the custody of the United States sentenced to death and housed a the United States Penitentiary, Terre Haute, Indiana, respectfully submits this Successive Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C.A. § 2255.  In support of this motion, Mr. Paul states the following:

## INTRODUCTION

On May 14, 2018, the Supreme Court decided *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), which held for the first time that a capital defendant has an absolute right under the Sixth Amendment to insist that his lawyers refrain from admitting his guilt during trial.  *Id.* at 1508-09.  This decision applies to Petitioner, as his lawyers conceded his guilt during trial against his wishes.  As set forth below, Mr. Paul is entitled to an evidentiary hearing to prove the facts in support of this claim entitling him to relief.

## PROCEDURAL HISTORY

Jeffrey Paul and his co-defendant, Trinity Ingle, were both charged in the Western District of Arkansas with aiding and abetting murder in perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & § 2, and for using a firearm during a crime of violence, in violation of both counts.  The jury returned a sentence of death, unrelated to any particular count.  A few weeks before Mr. Paul's trial,

1

Trinity Ingle was convicted of the same two counts; he received a sentence of life imprisonment.

The United States Court of Appeals for the Eighth Circuit affirmed Mr. Paul's conviction and sentence on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000), *cert. denied Paul v. United States*, 534 U.S. 829 (2001). On December 17, 2002, Mr, Paul filed in this Court a 28 U.S.C. § 2255 petition. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 271. This Court denied the petition, without a hearing and without granting leave to conduct discovery, on January 31, 2005. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 323. After granting a certificate of appealability on two issues, the Eighth Circuit Court of Appeals affirmed the denial of relief. *Paul v. United States*, 543 F.3d 832 (8th Cir. 2008), *cert. denied Paul v. United States*, 558 U.S. 828 (2009).[1]

On June 26, 2015, the Supreme Court held in *Johnson v. United* States, 135 S. Ct. 2551 (2015), that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional. On April 18, 2016, the Supreme Court held that Johnson applies retroactively. *Welch v. United* States, 136 S. Ct. 1257 (2016). On May 20,

---

[1] Subsequently, while represented by appointed counsel, Mr. Paul filed a series of pro se pleadings with various headings (including 28 U.S.C. § 2255) in this Court and courts around the country, alleging a wide variety of grievances. It is noted that Mr. Paul suffers from a serious and long-standing mental illness.

2016, Mr, Paul filed an Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255(h)(2) and Eighth Circuit Rule 22B. *Application For Authorization to File a Successive Motion Under 28 U.S.C. § 2255, In re Jeffrey William Paul,* No. 16-2330 (May 20, 2016). Petitioner's *Application for Authorization* was denied on August 5, 2016. Order, *In re Jeffrey William Paul v. Unted States,* No. 16-2330 (8th Cir. Aug. 5, 2016).

### STATEMENT OF THE FACTS

In June 1997, Mr. Paul, who was eighteen at the time of the crime, was convicted of aiding and abetting murder in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & 2 (Count 1). For the same killing, Mr. Paul was also convicted of using a firearm during a federal "crime of violence…, to wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995," in violation of 18 U.S.C. § 924(c) & § 924(i)(1), *subsection redesignated as* § 924(j)(1)(1996)(Count 2). The indictment provided no notice as to which if any robbery statute constituted the underlying § 924(c) crime of violence. Nor is it apparent from the trial record that an extant robbery statute was even employed as the § 924(c) predicate. Both counts in the indictment carried a maximum sentence of death.

Prior to trial, the Government offered Mr. Paul a life sentence in exchange for a guilty plea. Petitioner rejected the offer despite trial counsel's repeatedly

3

advising him that going to trial and denying guilt would increase the likelihood of the jury returning a sentence of death. Petitioner was adamant and unwavering, and in trial counsel's view, completely nonsensical and irrational in his refusal to plead guilty and accept a life sentence. The manner in which Mr. Paul rejected trial counsel's advice to plead guilty was so bizarre and intense, trial counsel questioned whether or not he was competent to make this decision and go to trial.

After administering psychological testing and observing Mr. Paul on multiple occasions prior to trial, Dr. H. Anthony Semone, the forensic psychologist appointed to assist trial counsel, concluded that Mr. Paul had a neuropsychological impairment and was suffering from a borderline psychotic panic. He opined that Mr. Paul was not able to sufficiently understand the charges against him and was unable to cooperate sufficiently with counsel in assisting with his own defense.

Nevertheless, defense counsel proceeded to trial. And in his opening statement, trial counsel told the jury that Mr. Paul planned the robbery of the victim and took part in carrying it out. Tr. 6/18/1997, 496; ("[H]e did say that he did plan to rob[.]… Yes, he did take part in a robbery; yes he did take part in… taping this man's hands behind his back."). Throughout the trial, Mr. Paul's mental health deteriorated as did his behavior and physical appearance. Following an exceptionally short trial, during which trial counsel presented no witnesses or

evidence, Petitioner was convicted of both counts.  He was subsequently sentenced to death.

**STATEMENT OF THE LAW**

I.   **MR. PAUL SHOULD BE GRANTED AN EVIDENTIARY HEARING TO ESTABLISH THAT HIS LAWYERS CONCEDED HIS GUILT IN VIOLATION OF *MCCOY V. LOUISIANA*.**

  A.   **There Is A Material Question Of Fact Regarding Whether Mr. Paul's Lawyers Conceded His Guilt In Violation Of *McCoy*.**

In *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), the Supreme Court held that "[w]hen a client expressly asserts that the objective of "his defense" is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *Id.* at 1509 (quoting the Sixth Amendment). The Court further stated, "[b]ecause a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence." *Id.* at 1510-11.   Thus, counsel's failure to defer to his client's wish in such circumstances constitutes structural error not subject to harmless error analysis and thus requires the defendant's conviction to be vacated.  *Id*. at 1511.

Petitioner consistently maintained to his trial counsel that he did not want to plead guilty.  Yet in the opening statement to the jury, anticipating that this admission would help in the sentencing phase, defense counsel asserted that Petitioner was guilty of robbery.  After *McCoy*, it is clear for the first time that

5

such a strategy, whether reasonable or not, results in structural error when, as Mr. Paul contends here, it is chosen over the client's expressed desire to contest guilt.

In distinguishing *Florida v. Nixon*, 453 U.S. 175 (2004), the Supreme Court in *McCoy* noted that Nixon's attorney did not negate Nixon's autonomy by overriding Nixon's desired defense objective, for Nixon never asserted such objective" and "Nixon 'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested' counsel's proposed approach." *McCoy*, 138 S. Ct. at 1509 (quoting *Nixon*, 543 U.S. at 181). Thus, the Court noted that "If a client declines to participate in his defense, then an attorney may permissibly guide the defense pursuant to the strategy she believes to be in the defendant's best interest." *McCoy*, 138 S. Ct. at 1509. But, "[p]resented with express statements of the client's will to maintain innocence, however, counsel may not steer the ship the other way." *Id.* Just as in *McCoy*, Petitioner alleges that he disagreed with his counsel's decision to concede guilt at trial, yet counsel chose, without Petitioner's consent and against Petitioner's expressed wishes, to concede his guilt at his capital trial.

### B. *McCoy* Applies Retroactively To Mr. Paul

Mr. Paul's *McCoy* claim relies on a new retroactive rule of constitutional law. The Supreme Court explained that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or Federal

Government." *Teague v. Lane*, 489 U.S. 288, 302 (1989)(plurality op.). The

Supreme Court was clear in announcing its holding in *McCoy* that it was

announcing a right under the Sixth Amendment that they had not previously

recognized:

> We hold that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the best chance to avoid the death penalty. Guaranteeing a defendant the right "to have the Assistance of Counsel for his defence, "the Sixth Amendment so demands. With individual liberty – and in capital cases, life – at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence, leaving it to the State to prove his guilt beyond a reasonable doubt.

*McCoy*, 138 S. Ct. at 1505. This holding was not dictated by prior precedent: the

Court had to distinguish its prior holding in *Nixon* to reach this holding. *Id.* at

1509-10; *see also id.* at 1517 (Alito, J., dissenting)(criticizing the majority opinion

for "[h]aving discovered a new right…"). *McCoy* retroactively as a new watershed

rule of procedural law. Such rules apply retroactively when they "implicat[e] the

fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*,

494 U.S. 484, 495 (1990)(citing *Teague*, 489 U.S. at 311 (plurality op.)); *see also*

*Schiro v. Summerlin*, 542 U.S. 348, 355 (2004). The Court was clear that its holding

in *McCoy* implicated fundamental fairness. The case involved "Intractable

disagreements about the fundamental objective of the defendant's representation,"

and the rule in *McCoy* is necessary to protect a capital defendant's right, "[i]n this stark scenario," to choose the fundamental objective. *McCoy*, 138 S. Ct. at 1510. A *McCoy* error "blocks the defendant's right to make the fundamental choices about his own defense," while affecting the accuracy of the conviction in an unquantifiable way, as "the effects of [defense counsel's] admission would be immeasurable, because a jury would almost certainly be swayed by a lawyer's concession of his client's guilt." *Id*. at 1511. In *Saffle,* the Supreme Court explained that the holding of *Gideon v. Wainwright*, 372 U.S. 335 (1963), that a defendant has the right to be represented by counsel, is the type of rule that falls under the watershed rule exception. *Id.* at 495. Consequently, the rule from *McCoy* applies retroactively as a new watershed constitutional rule of procedure.

### C. This Court Should Grant Mr. Paul Further Briefing And An Evidentiary Hearing To Prove His *McCoy* Claim.

Although the facts underlying this claim will require further evidentiary development in district court, the facts proffered in Petitioner's first § 2255 petition and Petitioner's current averments establish that Petitioner should be allowed to offer evidence in support of his *McCoy* claim in this Court. The standard for such a hearing is low: "Under 28 U.S.C.A. § 2255(b), unless the pleadings, files and records conclusively show that the petitioner is not entitled to relief, the district

court shall hold an evidentiary hearing." *United States v. Diaz*, 547 F. App'x 303, 304 (4th Cir. 2013)(per curiam).

## **CONCLUSION**

For these reasons, Mr. Paul respectfully requests that the Court grant him further briefing and an evidentiary hearing to prove the facts underlying his claim relying on the new rule of retroactive constitutional law announced in *McCoy v. Louisiana*.

## <u>REQUEST FOR RELIEF</u>

Wherefore, based on the foregoing, Mr. Paul respectfully requests that the Court grant him the following relief:

(1) Leave to amend this amendment to his § 2255 motion;

(2) Leave to file a Memorandum of Law in support of this motion;

(3) An evidentiary hearing to prove facts in support of this motion;

(4) Should it assist the Court, a status conference to discuss the timing of the above; and

(5) A Writ of Habeas Corpus to vacate Mr. Paul's conviction and sentence.

Respectfully Submitted,

/s/ Shawn Nolan
SHAWN NOLAN
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520